12-5075-cr
United States v. Gonzalez, AKA Sealed Defendant 1

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of December, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              RICHARD C. WESLEY,
                        *Circuit Judges*.

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                                    12-5075-cr

OMAR GONZALEZ, AKA SEALED DEFENDANT 1,

                        *Defendant-Appellant*.[*]

─────────────────────────────────────────────────

Appearing for Appellant:      Lawrence Gerzog, New York, NY.

Appearing for Appellee:       Preet Bharara, United States Attorney for the Southern District of New York, Timothy T. Howard and Brian A. Jacobs, Assistant United States Attorneys, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

─────────────────────

[*] The Clerk of Court is directed to amend the caption in this case as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Omar Gonzalez was convicted of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. He was sentenced principally to eight years of imprisonment. Gonzalez now appeals from his November 29, 2012 judgment of conviction. On appeal, Gonzalez asserts that the government's evidence at trial was insufficient to support his conviction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This court reviews de novo a challenge to the sufficiency of evidence supporting a criminal conviction." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004). "A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the [] verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 1794 (2013). "We must affirm the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted)). "While circumstantial evidence may support a conviction, the conviction cannot rest on mere speculation or conjecture." *Kozeny*, 667 F.3d at 139 (internal quotation marks omitted).

Gonzalez was convicted of conspiracy to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Section 846 of Title 21 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The underlying offense charged in the indictment provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." *Id.* § 841(a)(1).

"To prove conspiracy, the government must show [(1)] that the defendant agreed with another to commit the offense; [(2)] that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and [(3)] that an overt act in furtherance of the conspiracy was committed." *United States v. Mahaffy*, 693 F.3d 113, 123 (2d Cir. 2012) (internal quotation marks omitted).

The evidence in this case was sufficient to allow a reasonable factfinder to conclude that Gonzalez was guilty of conspiracy to distribute and possess with intent to distribute cocaine base. First, the testimony of the three witnesses at trial reasonably established Gonzalez's agreement with others to commit the offense of distributing and possessing with intent to distribute cocaine base. The undercover officer testified that on various occasions, when he purchased crack on Manida Street from persons other than Gonzalez, defendant played a significant role in approving the drug sales. In addition, Lori L., a cooperating witness, testified that at times when she would order crack from Gonzalez someone else would deliver the drugs to Lori for defendant. Another cooperating witness, LaShonda C., testified that she witnessed Gonzalez assist in the preparation for cooking powder cocaine into crack, and weighing the resulting crack alongside a narcotics supplier on a scale that Gonzalez had obtained. Properly

drawing all inferences in favor of the government, that evidence supports the first element of the conspiracy offense—agreement with another to commit the offense.

Second, the evidence was sufficient to allow a reasonable factfinder to conclude that Gonzalez "knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy." *Mahaffy*, 693 F.3d at 123 (internal quotation marks omitted). The undercover officer's testimony concerning Gonzalez's approval of crack deals at certain prices and his knowledge of when a re-up of drugs would occur supports the reasonable conclusion that defendant knowingly participated in the conspiracy with the requisite specific intent. That conclusion is bolstered by Lori's testimony that Gonzalez would at times send a courier to deliver drugs to her when she would order crack from defendant. Gonzalez's knowledge and specific intent are further supported by LaShonda's testimony concerning Gonzalez's role in cooking the powder cocaine into crack and weighing it alongside a supplier.

Finally, there was sufficient evidence to support the reasonable finding that Gonzalez made an overt act in furtherance of the conspiracy. *See id.* at 123. During one of the sales to the undercover officer, Gonzalez told the seller to "give him 13" bags for $100.00. In addition, Gonzalez sent someone to buy baking soda to cook the powder cocaine into crack, provided the scale to weigh the drugs, and participated in weighing them. Gonzalez also directly participated in selling crack to Lori and LaShonda, and told Lori to "watch out" when he learned that she was selling crack herself. Those acts were in furtherance of the conspiracy to distribute and possess with intent to distribute crack.

Gonzalez's attack on the sufficiency of the evidence based on the lack of credibility, reliability, and trustworthiness of Lori and LaShonda's testimony, and the fact that their testimony may have contradicted the testimony of the undercover officer, is unavailing. "It is the province of the [factfinder . . .] to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony." *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 1040 (2012). "'Where there are conflicts in the testimony, we must defer to the [factfinder's] resolution of the weight of the evidence and the credibility of the witnesses.'" *Id.* (quoting *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011)). "We will not attempt to second-guess a [factfinder's] credibility determination on a sufficiency challenge." *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006). "Rather, we will assume that the [factfinder] resolve[d] all issues of credibility in favor of the prosecution." *Id.* (internal quotation marks omitted).

In this case, the district court's approach to considering Lori and LaShonda's testimony reveals that it considered their credibility and what weight to give their testimony. Because we will not "second-guess" the district court's credibility determinations, *see id.*, Gonzalez's challenge to the sufficiency of the evidence based on the reliability of the cooperating witnesses' testimony fails. Moreover, in light of the aforementioned evidence, Gonzalez offers no persuasive reason why the panel should not defer to the district court's conclusion that defendant's activities were "consistent with those of a manger or supplier of drugs," even if some of Lori and LaShonda's testimony may have offered a different view of Gonzalez's role in the drug operation.

We have considered the remainder of Gonzalez's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk